UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOMINIQUE WASHINGTON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 2:16-cv-0070-LJM-DKL |
| RICHARD BROWN, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Dominique Washington for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 15-07-0012. For the reasons explained in this entry, Washington's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On July 29, 2015, IA J. Poer wrote a Report of Conduct in case WVS 15-07-0012 charging Mr. Washington with a violation of law (I.C. 35-45-9-3, Criminal Gang Activity). The Conduct Report states:

> Refer to Report of Investigation dated 7/29/15 and Confidential Case File 15-CIC-0020.

[Dkt. 6-1].

The Report of Investigation of Incident states:

> On July 16, 2015 members of the Security Threat Groups Maniac Latin Disciples and Imperial Gangsters assaulted offender Steven Lasley 247353 and Christopher Hibshman 179351 in B Unit cell 2-4B at 8:53 PM. Both Lasley and Hibshman are confirmed members of the Security Threat Group Dirty White Boys. An investigation was conducted, see Confidential Case File 15-CIC-0020. The results of the investigation substantiate that members of the STG Maniac Latin Disciples and Imperial Gangsters were acting under orders when they assaulted the Dirty White Boys Lasley and Hibshman. The reason for the assault was retribution against the Dirty White Boys for stealing a package of suboxone that a member of the Maniac Latin Disciples had lost at recreation. I.C. 35-45-9-3 Criminal Gang Activity is defined as "A person who knowingly or intentionally commits an act: (1) with the intent to benefit, promote or further the interests of a criminal gang; or (2) for the purpose of increasing the person's own standing or position within a criminal gang; commits criminal gang activity, a Level 6 felony." Dominique Washington 244317 is a suspected member of the STG Maniac Latin Disciples and was acting with the intent to benefit, promote or further the interests of a criminal gang, to wit assaulting members of the Dirty White Boys as retribution for stealing and thereby disrespecting his organization.

[Dkt. 6-2].

On July 31, 2015, Mr. Washington was notified of the charge and was given a copy of the Conduct Report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He did not request a lay advocate. He checked the box that he did not request any witnesses but in the empty space below included the

names Lasley and Hibshman with the statement "I did not assault anyone." He did not request any physical evidence. [Dkt. 6-3].

Offender Lasley provided the statement: "I don't know anything about this, I didn't see this person do anything wrong!" [Dkt. 6-4]. Offender Hibshman provided the statement: "There was no gang activity going on." [Dkt. 6-5].

The hearing officer conducted a disciplinary hearing in case WVS 15-07-0012 on August 7, 2015. At the hearing Mr. Washington provided the following statement: "I am not in the gang, no tattoos." [Dkt. 6-7].

The hearing officer found Mr. Washington guilty of the charge of violation of law (criminal gang activity). In making this determination, the hearing officer considered the staff reports and physical evidence consisting of the IA case # 15-CIC-0020. [Dkts. 6-7; 8, ex parte]. Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand; forty-five (45) days of lost phone privileges; one year of disciplinary segregation; 227 days of credit time deprivation; and a demotion from credit class 2 to credit class 3. The hearing officer recommended the sanctions because of the frequency and nature of the offense and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Dkt. 6-7].

Mr. Washington's appeals were denied. This habeas action followed.

### C. Analysis

Mr. Washington is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) the evidence was insufficient to support a guilty finding; 2) he was not given time to prepare a proper defense; and 3) the Indiana

Department of Correction's employees slandered him when they associated him with a Security Threat Group.

As an initial matter, Mr. Washington references the disciplinary proceeding in case CIC 15-07-0174 in the petition filed in this action. [Dkt. 1-1, at pp. 1, 14]. However, the subject of this action is case number WVS 15-07-0012. As such, the Court will not be addressing any claims relating to CIC 15-07-0174.

1. In ground one, Mr. Washington argues there is no physical evidence showing he committed this offense. The Court understands this to be a challenge to the sufficiency of the evidence. In a prison disciplinary proceeding, the standard is that a verdict of guilt must be supported by at least "some evidence." *Hill*, 472 U.S. at 454. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The Internal Affairs Investigation contained interviews with over forty offenders that reported the attacks on Lasley and Hibshman took place based on a "Smash on Sight" order for all Dirty White Boys (of which Lasley and Hibshman are members) after they stole suboxone from the Maniac Latin Disciples. The evidence showed that Washington is a suspected member of the Maniac Latin Disciples and participated in the attacks of Lasley and Hibshman by using a lock inside a sock. [Dkt. 8, ex parte]. This evidence is sufficient to find Mr. Washington guilty of criminal gang activity. He acted on orders from

the Maniac Latin Disciples to assault members of another gang in retaliation for stolen drugs. Mr. Washington is not entitled to relief on this basis.

    2.    In ground two, Mr. Washington argues that he was not given time to prepare a defense.[1] This argument is without merit. The incident that forms the basis of the conduct report occurred on July 16, 2015. Washington was screened on July 31, 2015, and a disciplinary hearing occurred on August 7, 2015. [Dkts. 6-2, 6-3, 6-7]. Due process requires that a prisoner charged with a disciplinary offense be given "advance written notice of the charges against [him] at least twenty-four hours before the hearing." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir.1994) (citing *Hill*, 472 U.S. at 454, and *Wolff*, 418 U.S. at 566)). Mr. Washington received all the process he was due in this regard.

    3.    Finally, Mr. Washington argues IDOC's officials slandered him and placed him at risk when they associated him with a Security Threat Group. However, such a claim does not state a due process violation. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Hill,* 472 U.S. at 454. Mr. Washington received all of the protections he was due and is not entitled to relief on this claim.

---

[1] The respondent wholly failed to respond to the arguments set forth in grounds 2 and 3 of the petition. *See* dkt. 1, at p. 3. In the future, the respondent should ensure that he responds to all claims set forth by the petitioner.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Washington to the relief he seeks. Accordingly, Mr. Washington's petition for a writ of habeas corpus must be **denied** and the action dismissed.

**IT IS SO ORDERED**.

Date: 5/5/2017

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

DOMINIQUE WASHINGTON
244317
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838